No. 16,683.

IDDINGS v. IDDINGS.

APPEAL.—*Cross-Complaint Stricken Out.*—*When not Part of Record.*— *How Brought In.*—*Supreme Court Practice.*—Where, on motion, the paragraphs of a cross-complaint were stricken out, and the ruling was excepted to, and an appeal prosecuted, assigning such ruling as error, there is no question presented on appeal unless the cross-complaint is brought into the record by a bill of exceptions; for after the motion to strike out the cross-complaint was sustained, it was no longer in the record.

SAME.—*Record.*—*Pleading, when not a Part of.*—In such case, instead of copying the cross-complaint into the bill, it is referred to as being in "the words and figures following," and then, instead of copying it, it is said "(heretofore copied)," the cross-complaint being referred to in the bill as having been copied into the transcript of the record. The cross-complaint is not in the record, and no question is presented.

From the Putnam Circuit Court.

*P. O. Colliver, T. T. Moore* and *D. E. Williamson,* for appellant.

*H. H. Mathias* and *S. A. Hays,* for appellee.

OLDS, J.—The appellee herein brought this action against the appellant. The complaint was for the possession of the real estate described in the complaint, and damages for the detention thereof. The appellee was the widow and the appellant the son of one William F. Iddings, deceased, who died testate the owner of the real estate, and by his will devised the real estate to his widow, the appellee.

The appellant filed an answer in denial to the complaint, and a cross-complaint in two paragraphs, the first claiming a sum for improvements made upon the land, and the second was a paragraph to contest the will of his father, by virtue of which appellee claimed title to the land. The appellee moved the court to strike out the paragraphs of cross-complaint. One of the grounds upon

which the motion to strike out the paragraph seeking to contest the will was that no bond had been given, as required by section 2597, R. S. 1881, for the due prosecution of the action and for costs.

The court ordered that a bond be executed. Afterwards, on motion and leave of court, the appellee dismissed her action. The appellant failed to file a bond, and the court sustained the motion and struck out the paragraphs of cross-complaint, to which ruling appellant excepted and prosecutes this appeal, assigning such ruling as error.

The appellee challenges the proposition as to whether any such question is presented by the record.

When the motion was sustained and the paragraphs of cross-complaint were struck out, they no longer remained a part of the record, and can only be made a part of it by being properly brought back into the record by a bill of exceptions.

In making up the record in this case, the clerk has copied into the record the complaint, the answer, and cross-complaint. There is also a bill of exceptions in the record, but it contains neither paragraph of the cross-complaint. Instead of copying the cross-complaint, as should have been done, into the bill, it is referred to as being in "the words and figures following," and then, instead of copying it, is said "(heretofore copied.)"

Thus it will be seen that the paragraphs of the cross-complaint are copied into the record by the clerk as being a part of the record in the cause, when they had been struck out, and are not a part of the record, and have no legitimate function or place in the record. And then, in the bill, where they belong, they are omitted, and reference is made to that portion of the record where a copy is improperly and without authority injected into, and made a part of the record by the clerk.

The clerk embraced in the transcript a pleading which is not a part of the record, and then, instead of its being set out in the bill of exception and brought into the record in the only way it can legitimately be brought in, it is omitted from the bill and reference made to this pleading, which has no legitimate place in the record as being a copy.

The paragraphs of the cross-complaint can not be made a part of the record in this way.

*Chambers* v. *Butcher*, 82 Ind. 508, is directly in point on this question. These affidavits in support of a motion for new trial were set out in the transcript in connection with the motion for new trial, but were not in the bill of exceptions. In the bill it was stated: "And filed in support of said motion the following affidavits (which have been inserted on page — of this record)."

The court says: "The affidavits thus referred to could only be made a part of the record by bill of exceptions; if not in the bill of exceptions they can not be considered as a part of the record." *Powers* v. *State*, 87 Ind. 144; Elliott's App. Proc., section 816.

There is no question presented by the record.

Judgment affirmed.

